# SHEARMAN & STERLING LLP

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

**D:** 212.848.4424        sfishbein@shearman.com
**D:** 212.848.4432        christopher.lavigne@shearman.com

**July 2, 2018 – BY ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
40 Foley Square
New York, New York 10007

<u>**Re: Rovier Carrington v. Brian Graden et al., No. 18-cv-04609**</u>

Dear Judge Failla:

We represent Defendants Viacom Inc., Viacom International Inc. (collectively "Viacom") and Paramount Pictures Corporation ("Paramount") in the above-referenced matter. We submit this letter pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases to request a pre-motion conference in advance of our anticipated motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6). Plaintiff does not consent to this motion.

**BACKGROUND:** Plaintiff filed an Amended Complaint on June 18, 2018 in response to Defendants' pre-motion letters identifying various grounds on which the original Complaint should be dismissed. In the Amended Complaint, Plaintiff's principal claim continues to be for alleged sexual assault by defendants Brian Graden and Brad Grey. Yet Plaintiff goes on to assert a smorgasbord of speculative and far-fetched causes of action against Viacom and Paramount, including accomplice liability for sexual assault, fraud-based claims, federal antitrust claims, and even New York State and City employment-based claims (despite Plaintiff's having no employment relationship with Viacom or Paramount). None of these claims has merit and all of them should be dismissed for failure to state a claim or plead legally cognizable causes of action, as summarized below.[1]

**MOTION TO DISMISS GROUNDS:**

**1. *Sexual Assault Claim*.** Count One of the Amended Complaint claims that Viacom and Paramount are liable as accomplices for the alleged sexual assault that Plaintiff asserts was committed by Graden and Grey. A defendant may be liable as an accomplice only when, "acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids [the principal] to engage in such conduct." N.Y. Penal Law § 20.00. While the Amended Complaint alleges that certain Viacom personnel were told of the alleged assault after it occurred (*e.g.* AC ¶ 54), nowhere does Plaintiff allege that Viacom or Paramount intentionally assisted in the alleged assault on Plaintiff at the time. Further, this claim is barred by the five year statute of limitations, C.P.L.R. § 213-c, because the purported underlying assault that Viacom and Paramount allegedly assisted in took place in 2011 (AC ¶ 46-53).

---

[1] We note that co-defendant Graden has raised serious questions regarding the authenticity of the emails referenced in the Amended Complaint, which underpin Plaintiff's claims. The issue of authenticity—and the possibility that fabricated evidence has been presented to the Court—should be addressed at the outset of the case, before any other discovery takes place. We will elaborate on this position in our pre-conference letter to the Court.

**2. *Fraud Claims*.** While Plaintiff styles Counts Two and Three as claims for "fraud in the inducement" and "aiding and abetting fraud," they too are grounded in the purported sexual assault. Plaintiff's attempt to re-package these claims as "fraud" are without merit as it is well settled that where sexual exploitation is the object of an alleged fraud, the proper cause of action is "the independently tortious, indeed criminal, sexual abuse allegedly perpetrated by the defendant," rather than any associated fraud. *Schmidt v. Bishop*, 779 F. Supp. 321, 326 (S.D.N.Y. 1991). Moreover, Plaintiff has not satisfied the particularity requirements of Rule 9(b). *See First Hill Partners, LLC v. BlueCrest Capital Mgmt. Ltd.*, 52 F. Supp. 3d 625, 637 (S.D.N.Y. 2014). Plaintiff's latest allegations still fail to allege any misrepresentations on the part of Viacom or Paramount, much less ones that were made with intent to defraud or led to justifiable reliance, and Plaintiff has failed to allege that Viacom or Paramount substantially assisted any underlying fraud on the part of Grey or Graden. *See Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 442-43 (S.D.N.Y. 2017). Plaintiff's claims are also time-barred—the allegations of fraud against Viacom and Paramount could only plausibly relate to Grey (there is no suggestion that Viacom and Paramount knew or otherwise assisted in any fraud by Graden)—because Grey's alleged conduct ended in 2011, which is outside the six year statute of limitations. C.P.L.R. § 213(8).

**3. *Misappropriation Claims*.** Plaintiff's claims for unfair competition and misappropriation of trade secrets (Counts Five and Six) relate to the reality TV dating show "Finding Prince Charming" that was produced by defendant Brian Graden Media ("BGM") and aired on Viacom's Logo network. Plaintiff alleges zero facts to establish that he had a property interest in this show, or that Viacom or Paramount knew about any such interest, participated in any actionable misappropriation of Plaintiff's concept, or acted in bad faith by airing the show (AC ¶¶ 130-47). *See, e.g., Ferring B.V. v. Allergan, Inc.,* 4 F. Supp. 3d 612, 630 (S.D.N.Y. 2014) ("generalized, conclusory statements [that] fail to specify what or how was misappropriated" and "vague statements [that] fail to articulate specific acts of misappropriation" warrant dismissal) (internal citations omitted). The trade secrets claim fails for the additional—and self-evident—reason that Plaintiff's alleged idea for a reality dating show is generic, vague, and non-specific and therefore does not constitute a "trade secret." *See, e.g., Ring v. Estee Lauder, Inc.*, 702 F. Supp. 76, 77 (S.D.N.Y. 1988), *aff'd*, 874 F.2d 109 (2d Cir. 1989) ("[A] plaintiff is not entitled to relief under any theory for theft of an idea, absent proof that the idea was novel or original.").

**4. *Tortious Interference Claim*.** Plaintiff's claim for tortious interference with a prospective economic relationship (Count Eight) is equally infirm. First, Plaintiff's references to speculative, non-specific opportunities in the entertainment industry do not satisfy the pleading requirements for a tortious interference claim. *See, e.g., Kramer v. Pollock-Krasner Found.*, 890 F. Supp. 250, 258 (S.D.N.Y. 1995) (dismissal appropriate where plaintiff's allegations related "generally to potential contracts with galleries and dealers that allegedly would be willing to sell [plaintiff's] painting"). Second, Plaintiff fails to allege that Viacom was aware of any such opportunities, let alone that it interfered with them. *See LuxSoma LLC v. Leg Res., Inc.*, 289 F. Supp. 3d 514, 525 (S.D.N.Y. 2018) (granting summary judgment, in part because defendants "had no knowledge of any contract between" the plaintiff and a third party.)

**5. *Sherman Act Claim*.** Plaintiff lacks standing to pursue his Sherman Act claim because: (1) he has suffered no "antitrust injury," and (2) he is not a proper plaintiff to bring the action. *Assoc. Gen. Contractors, Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 535-38 (1983). The former requirement includes a showing that the alleged unlawful conduct affected competition in the marketplace as a whole, rather than merely harming the plaintiff individually. *See Korshin v. Benedictine Hosp.*, 34 F. Supp. 2d 133, 138 (N.D.N.Y. 1999) ("Without any

allegation as to how market-wide competition will be affected, the complaint fails to state a claim upon which relief can be granted.") Plaintiff makes no allegations as to how the supposed blacklisting of him alone had any effect on consumers or the market in which he operates, and his suggestion that the alleged blacklisting extended to "others like him" (AC ¶ 227) does not cure these deficiencies. In the same vein, the Amended Complaint is insufficient because it fails to allege "a relevant geographic and product market in which trade was unreasonably restrained." *Kramer,* 890 F. Supp. at 254. Moreover, Plaintiff offers no facts—circumstantial or otherwise—that support the existence of an antitrust conspiracy "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's "allegation of parallel conduct and a bare assertion of conspiracy will not suffice" and dooms all of his unspecific "blacklisting" claims. *Id.* at 556; *see also Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 184 (2d Cir. 2012). Indeed, Supreme Court precedent and its progeny make clear that a parent company like Viacom cannot conspire with one of its subsidiaries, like Paramount, which is the core of Plaintiff's attempted antitrust claim. *See Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 771 (1984). And finally, a significant portion of these claims is time-barred as most of the alleged conduct occurred more than four years ago. *See* 15 U.S.C.A. § 15(b).

**6. Employment-Based Claims.** Plaintiff also claims that Viacom and Paramount violated the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") by retaliating against and "fail[ing] to hire" Plaintiff (Counts 10 and 11). Neither claim can be sustained because Plaintiff neither had, nor sought, any employment relationship with Viacom, Paramount, or any other entity in the entertainment industry, which is a critical component of NYSHRL and NYCHRL claims. *See, e.g., Petrosino v. Bell Atl.,* 385 F.3d 210, 226 (2d Cir. 2004) ("failure to hire" claim must allege that plaintiff "applied and was qualified for a job for which the employer was seeking applicants"); *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) ("retaliation" claim requires "adverse employment action"). Rather, Plaintiff claims that he independently developed programming ideas and hoped to enter into a licensing or production deal with Viacom or other entities (*See* AC ¶ 33). Such arms-length, third party commercial relationships do not give rise to claims under the NYSHRL or NYCHRL. *See, e.g., Weerahandi v. Am. Statistical Ass'n*, 2015 WL 5821634, at *7 (S.D.N.Y. Sept. 30, 2015) ("[T]he NYSHRL and the NYCHRL prohibit discriminatory conduct directed at current or prospective employees, and thus does not include bias directed at third parties not in an employment relationship with the allegedly offending employer.") (internal quotation omitted); *Samuels v. William Morris Agency,* 998 N.Y.S.2d 346, 347-48 (App. Div. 2014). And even if such claims were cognizable, Plaintiff's allegations of a supposed blacklist are far too speculative and unspecific to constitute the type of adverse action prohibited under the NYSHRL and NYCHRL, and pertain to actions that allegedly took place in 2011, well outside the three year statute of limitations. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 246 (E.D.N.Y. 2015).

Count Twelve of the Amended Complaint makes the related claim that Viacom and Paramount violated the New York City Gender Motivated Protection Act ("GMVA") in connection with the alleged assault. This claim fails because there is no colorable allegation that Viacom or Paramount were motivated by "feelings of animosity and malevolent ill will" towards men or any protected class. *Hughes v. Twenty–First Century Fox, Inc.*, 2018 WL 1940175 at *17 (Apr. 24, 2018 S.D.N.Y.). Moreover, Plaintiff fails to allege that any of the purportedly discriminatory conduct took place or had an impact in New York state or New York City, and thus he may not assert any of his purported claims under the NYSHRL, NYCHRL, or GMVA. *See Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F. Supp. 2d 175, 184 (S.D.N.Y. 2007).

SHEARMAN & STERLING LLP

By: /s/ Stephen Fishbein

Stephen Fishbein
Christopher LaVigne
599 Lexington Avenue
New York, New York 10022-6069
Phone: (212) 848-4000
sfishbein@shearman.com
christopher.lavigne@shearman.com

*Attorneys for Defendants Viacom Inc.,
Viacom International Inc., and
Paramount Pictures Corporation*