

RUSS
AUGUST
& KABAT
LAWYERS

Stanton L. Stein
lstein@raklaw.com

Diana A. Sanders
dsanders@raklaw.com

12424
Wilshire Boulevard
12th Floor
Los Angeles
California
90025

Tel 310.826.7474
Fax 310.826.6991
www.raklaw.com

July 2, 2018

***Via ECF and Email*** (Failla_NYSDChambers@nysd.uscourts.gov)

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618

**Re:    Carrington v. Graden et al, Case No. 1:18-cv-04609-KPF**

Dear Judge Failla:

Pursuant to Section 4(A) of Your Honor's Individual Rules of Practice, we write on behalf of defendants Brian Graden ("Graden") and Brian Graden Media, LLC ("BGM") (together, the "BG Defendants") to request leave to file a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff does not consent to this motion.

Plaintiff filed a First Amended Complaint ("FAC") in response to the defendants' initial pre-motion to dismiss letters, which highlighted the demonstrable deficiencies in the original complaint. The FAC adds nothing in the form of factual allegations and paints the same confusing tale of collusion and misappropriation predicated on Graden's and the late Brad Grey's alleged sexual coercion, all of which is allegedly related to Plaintiff's apparent failure to succeed in the entertainment industry.  Plaintiff still alleges claims against the BG Defendants related to alleged sexual offenses, fraud, breach of contract, misappropriation, tortious interference, violation of the Sherman Act, and now even adds claims for violations of New York's Human Rights laws.

The only substantive aspect of the FAC appears to be the attachments and references to scans of forwarded emails, which are of questionable authenticity, inconsistent with existing documents, and have further elevated the already serious concerns regarding fabrication and possible fraud on the Court.  The BG Defendants will address that issue with Your Honor separately in connection with their Rule 26 filing. Below are the reasons why the claims warrant dismissal. If the other defendants raise additional grounds, the BG Defendants reserve the right to join.

**A.    Count One: Sexual Offenses in Violation of Penal Law § 20.00:** A defendant may be liable under § 20.00 as an accomplice only when, "acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids [the principal] to engage in such conduct."  Nowhere does Plaintiff allege that BGM intentionally assisted in any alleged assault or knowingly "cover[ed] it up."  Indeed, Plaintiff does not allege interaction with BGM other than with/through Graden and admits that Graden was acting in his "individual capacity" (FAC ¶ 214). Accordingly, a claim against BGM under Penal Law § 20.00 fails.

**B.    Counts Two and Three: Fraud in the Inducement and Aiding and Abetting Fraud:** Plaintiff alleges that Graden presented him agreements with the intent to deceive in order to continue his alleged sexual exploitation under promises of producing Plaintiff's show (FAC ¶¶ 169-72). Where, as here, claims are grounded in allegations of sexual misconduct and the sexual exploitation is the object of an alleged fraud, the proper cause of action is the alleged sexual abuse rather than any accompanying fraud.  *Schmidt v. Bishop*, 779 F. Supp. 321, 326 (S.D.N.Y. 1991); *see also Doe v. Roe*, 596 N.Y.S.2d 620, 621 (1993). Plaintiff has already asserted Count One for alleged sexual misconduct and cannot expand his claim.



Even if Counts Two and Three could be grounded upon allegations of sexual misconduct, Plaintiff has failed to state such claims with particularity against BGM, as required under Rule 9(b). *First Hill Partners, LLC v. BlueCrest Capital Mgmt. Ltd.*, 52 F. Supp. 3d 625, 637 (S.D.N.Y. 2014). Plaintiff still alleges no material misrepresentation by BGM, much less one made with intent to defraud and/or justifiable reliance thereto that has caused him pecuniary injury. *See Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996). He has only asserted in a conclusory fashion that BGM was "aware" of the "underlying fraud" and *either* assisted or enabled it to proceed (FAC ¶¶ 188, 191), without any facts in support. These allegations are insufficient to state a claim. *See Orchid Const. Corp v. Gottbetter*, 932 N.Y.S.2d 100, 103 (2011). Count Three also fails as against Graden because Graden could not aid and abet his own "fraud." Apart from that, the FAC is completely lacking as to how the BG Defendants participated in any fraud allegedly perpetuated by the other defendants. Indeed, Plaintiff alleges that Grey's and Viacom's "fraud" occurred around 2011 (FAC ¶¶ 65-68) but his first meeting and interaction with Graden was in late 2014 (¶ 77).

   C. **Count Four: Breach of Contract**: To sustain a claim, a "plaintiff must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue." *Americorp Fin., Inc. v. St. Joseph's Hosp. Health Ctr.*, 180 F. Supp. 2d 387, 390 (N.D.N.Y. 2001). A "complaint [that] only offers conclusory allegations without pleading the pertinent terms of the purported agreement" is legally insufficient and warrants dismissal. *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). Plaintiff has alleged that he "had a contract with Defendant BGM" (FAC ¶ 195) "to produce [a] reality show, and dark comedy" (¶ 98) but still offers no copy of this purported agreement and no provisions to demonstrate what actual "show" he is referring to, the terms and obligations of the parties, and whether there was a breach. This claim must therefore be dismissed.

   D. **Counts Five and Six: Unfair Competition and Misappropriation**: These Counts appear to be predicated upon the "Finding Prince Charming" TV show (FAC ¶¶ 137-38, 204, 207-09). To state a proper claim, a plaintiff must "sufficiently identify the innovations or developments" allegedly misappropriated "to allow the reader to understand what specifically was misappropriated and to evaluate [the] plaintiff's property rights in it." *Comm. Data Servers, Inc. v. Int'l Bus. Mach. Corp,* 166 F. Supp. 2d 891, 894–95 (S.D.N.Y. 2001). Plaintiff's only allegations are that he had a concept for a "reality dating show" that he emailed to Graden and then, at one point, "changed the content to men competing for his love" (FAC ¶¶ 130-33, 135). He then alleges that Logo's show was "substantially like the one proposed by Plaintiff" (¶¶ 137-38). These allegations do not identify a single proprietary "innovation." If the only similarity is the general "concept" of a reality dating show, that is insufficient to state a claim for misappropriation, let alone "trade secret" misappropriation, as the concept is not novel and has long been used on television. *See Zikakis v. Staubach Retail Servs., Inc.*, 2005 WL 2347852, at *3 (S.D.N.Y. Sept. 26, 2005); *Ring v. Estee Lauder, Inc.*, 702 F. Supp. 76, 78 (S.D.N.Y. 1988). In the FAC, the only additional allegation related to these counts is a pasted email exchange purportedly between Plaintiff and Graden about a "stolen" show (FAC ¶ 147, Ex. 10). The BG Defendants have serious concerns about the authenticity of this email, as the first clause of Graden's alleged response in it is identical to a response in a different email exchange the two shared about an unrelated topic, leading to the likely possibility that it was lifted and used to create the email in Exhibit 10.[1] Indeed, Graden denies ever having the exchange in Exhibit 10. In any event, this email does nothing to show any actual innovations in order to state a proper claim.

---

[1] Graden has provided a forensic copy of this email to Plaintiff and will also present it to the Court. Because Plaintiff quoted and appended the emails to his FAC, they are incorporated by reference and the Court may consider them in deciding a motion to dismiss. *San Leandro Emerg. Med. Grp. Profit Sharing Plan v. Philip Morris Co., Inc.*, 75 F.3d 801, 809 (2d Cir. 1996); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 643 (S.D.N.Y. 2015).



These claims should be dismissed as against BGM for the additional reason that Plaintiff's allegations are confined to pitching a "concept" to Graden personally (FAC ¶¶ 130, 138, 144). He alleges no facts to show BGM's knowledge or bad faith participation in any "misappropriation."

E. **Count Seven: Tortious Interference**: Plaintiff's alleged relationship with HBO and Lombardo and with Breitenbach concluded in 2014 (FAC ¶¶ 70-84). The statute of limitations for this count is three years. C.P.L.R. § 214(4). Accordingly, these claims are time-barred.

With respect to Stein, the BG Defendants have provided to Plaintiff a declaration by Stein, who attested under penalty of perjury to not writing the words attributed to him (FAC ¶ 151, Ex. 11) and even produced the file of the actual email he sent to Plaintiff, which lacks any reference to Graden.[2] Accordingly, the BG Defendants have serious concerns about the authenticity of Exhibit 11 (a forwarded email that can easily be altered), and the allegations in ¶ 151. Thus, the allegation cannot be taken as true and, without it, Plaintiff has not met the elements of his claim.

In any event, communications with all the parties Plaintiff alludes to are too speculative to establish a business relationship (let alone interference with one) as he has only alleged that he either contacted these individuals to pitch his work or that some merely showed "interest" in his supposed projects (FAC ¶¶ 72-74, 149). *See Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368, 382 (2d Cir. 2000); *Shah v. Lumiere*, 2013 WL 6283585, *3-4 (S.D.N.Y. Dec. 3, 2013) (failure to allege specific relationships and facts thereto renders dismissal of the claim). For example, as to BGM, Plaintiff has not alleged any prospective business dealings with anyone at BGM besides Graden and has now specifically alleged that Graden was acting in his individual capacity (FAC ¶ 214). As to Viacom, Plaintiff has not alleged that he had any actual relationship with Viacom at the relevant time, let alone one Graden was aware of.

F. **Count Nine: Violation of the Sherman Act**: Plaintiff lacks standing to pursue this claim because he fails to allege any cognizable "antitrust injury" as he cannot show that the supposed "blacklisting" of him had any effect on consumers or on any market in which he supposedly operates. Moreover, Plaintiff has not pled an antitrust conspiracy "that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

G. **Count Ten and Eleven: Violation of New York Human Rights Law**: Plaintiff now claims that the BG Defendants also apparently violated Human Rights laws by allegedly retaliating against him and failing to hire him. These counts fail because causes of action under these laws are predicated upon an employment relationship, which never existed between Plaintiff and either Graden or BGM. *See, e.g., Petrosino v. Bell Atl.*, 385 F.3d 210, 226 (2d Cir. 2004) ("failure to hire" claim must allege that plaintiff "applied and was qualified for a job for which the employer was seeking applicants"); *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) ("retaliation" claim requires "adverse employment action"). Indeed, Plaintiff alleges throughout his FAC that he independently developed ideas and shows which he hoped to have BGM or other entities produce (FAC ¶¶ 70, 82, 98, 130-35, 148). Such arms-length, third party dealings do not create an employment relationship and, thus, do not give rise to claims under these laws. *See, e.g., Weerahandi v. Am. Statistical Ass'n*, 2015 WL 5821634, at *7 (S.D.N.Y. Sept. 30, 2015); *Samuels v. William Morris Agency*, 998 N.Y.S.2d 346, 347-48 (App. Div. 2014); *McCormick v. Int'l Ctr. for the Disabled*, 2013 NY Slip Op 31063(U) (N.Y. Sup. Ct. 2013). Plaintiff does not plead the other elements for stating proper claims either, such as alleging a "causal nexus between [any] protected activity and [any] adverse action." *Diaz v. N.Y. State Catholic Health Plan, Inc.*, 133 A.D.3d 473, 474 (N.Y. App. Div. 2015).

---

[2] Graden intends to submit the Stein Declaration and its exhibit in support of his motion to dismiss.



Respectfully submitted,

RUSS AUGUST & KABAT

_/s/ Stanton L. Stein_____
Stanton L. Stein (appearing *pro hac vice*)
Diana A. Sanders (appearing pro hac vice)

Attorneys for defendants Brian Graden and
Brian Graden Media, LLC