```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #: _____        │
------------------------------------------------X   │ DATE FILED:  August 7, 2018 │
                                                :   └─────────────────────────────┘
  ROVIER CARRINGTON,                            :
                                                :
                          Plaintiff,            :
                                                :
                    v.                          :   18 Civ. 4609 (KPF)
                                                :
  BRIAN GRADEN, BRIAN GRADEN MEDIA,             :   ORDER FOR LIMITED
  LLC, VIACOM INC., VIACOM                      :      DISCOVERY
  INTERNATIONAL INC., PARAMOUNT                 :   CONCERNING THE
  PICTURES CORPORATION, BRAD GREY,              :   AUTHENTICITY OF
  BRAD GREY ESTATE, BRAD ALAN GREY              :   COMMUNICATIONS
  TRUST,                                        :
                                                :
                          Defendants.           :
                                                :
------------------------------------------------X
```

KATHERINE POLK FAILLA, District Judge:

Defendants Brian Graden, Brian Graden Media, LLC, Viacom Inc., Viacom International Inc., Paramount Pictures Corporation, Brad Grey, Brad Grey Estate, and Brad Alan Grey Trust (collectively, "Defendants"), having requested immediate discovery limited to the authenticity of the emails attached as Exhibits 2-11 of the Amended Complaint (Dkt. #40) filed by Plaintiff Rovier Carrington ("Plaintiff"), and this Court having found that Defendants have presented sufficient evidence to warrant such immediate discovery;

NOW, in consideration of the materials submitted by Defendants in regards thereto, and the entire record of this case;

IT IS HEREBY ORDERED, without prejudice to or limiting any existing duty to preserve relevant materials that has arisen in connection with this

action, that Plaintiff and Defendants, and their respective counsel, shall immediately preserve each and every document constituting or containing any portion of any of the communications that are attached as: (i) Exhibits 2-11 to the Amended Complaint (Dkt. #40-1); (ii) Exhibit A to the Declaration of Darren Stein (Dkt. #56-2); or (iii) Exhibits 1-4 to the Declaration of James Kelshaw (Dkt. #56-3), including, without limitation, all earlier emails in any email chains constituting such communications (collectively, the "At-Issue Communications") and all email forwards of any and all such communications, in original native format as well as any and all electronic or paper copies thereof;

IT IS FURTHER ORDERED that, within fourteen (14) days of the entry of this Order, Plaintiff shall produce each of the At-Issue Communications in Plaintiff's possession, custody or control, in original native format and with all accompanying metadata, with the assistance of a neutral electronic discovery vendor to be agreed upon by the parties (the "Neutral E-Discovery Vendor"), who shall be provided with access to Plaintiff's relevant email accounts in order to make the required production to Defendants and/or to advise Defendants that the At-Issue Communications cannot be located in such accounts, without further disclosure to Defendants of any other information concerning such accounts or the contents thereof, and with the costs of such production to be borne by Defendants;

IT IS FURTHER ORDERED that, within fourteen (14) days of the entry of this Order, Defendants shall produce each of the At-Issue Communications in

Defendants' possession, custody or control, in original native format and with all accompanying metadata;

    IT IS FURTHER ORDERED that, within fourteen (14) days of the entry of this Order, Plaintiff and Defendants shall identify to each of the parties' respective counsel any and all computers, hard drives, tablets, cellular phones or other electronic devices that Plaintiff or Defendants, as applicable, maintain in their possession, custody or control and that have been used to: (i) transmit any of the At-Issue Communications to the recipient(s) reflected therein; or (ii) forward or otherwise transmit any of the At-Issue Communications at any time to the party's counsel of record in this action, or to any other person on or after May 1, 2016, two years prior to the commencement of this action (collectively, the "Devices");

    IT IS FURTHER ORDERED that, within twenty-one (21) days of the entry of this Order, Plaintiff shall, upon Defendants' request, make available to the Neutral E-Discovery Vendor all of the Devices within Plaintiff's possession, custody or control, for such Neutral E-Discovery Vendor to create, at Defendants' expense, one or more mirror images of each such Device and return such Devices to Plaintiff upon the creation of such mirror-images;

    IT IS FURTHER ORDERED that, within twenty-one (21) days of the entry of this Order, Defendants shall, upon Plaintiff's request, make available to the Neutral E-Discovery Vendor all of the Devices within any Defendant's possession, custody or control, for such Neutral E-Discovery Vendor to create,

at Plaintiff's expense, one or more mirror images of each such Device and return such Devices to Defendants upon the creation of such mirror-images;

IT IS FURTHER ORDERED that the contents of any of the Devices so made available, and the contents of any mirror-images so created, shall not be disclosed to any of the parties or to their counsel and shall otherwise be maintained in strict confidence by the Neutral E-Discovery Vendor, with no examination of any such mirror-images to be conducted by the Neutral E-Discovery Vendor or by anyone else until further Order of the Court; and

IT IS FURTHER ORDERED that the parties' counsel shall appear for a status conference before the Court on **September 11, 2018, at 2:00 p.m.**

SO ORDERED.

Dated:   August 7, 2018
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge