

**WOOK HWANG**
Partner

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4035
**Main**   212.407.4000
**Fax**     212.937.3847
whwang@loeb.com

Via ECF and E-mail
(Failla_NYSDChambers@nysd.uscourts.gov)

August 21, 2018

Hon. Katherine Polk Failla
United States District Court
40 Foley Square, Room 2103
New York, New York 10007



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  August 22, 2018
```

Re:   <u>Carrington v. Graden, et al</u>., Case No. 18 Civ. 4609 (KPF)

Dear Judge Failla:

The undersigned counsel represent all Defendants in this action.  We write jointly to revive our August 16, 2018 letter request for an expedited teleconference [Dkt. No. 66], specifically, to request that the parties be directed to proceed with FTI Consulting ("FTI") as the Neutral E-Discovery Vendor to undertake the collection and production of Plaintiff's "At-Issue Communications" required by the Court's August 7, 2018 Order (the "Order").  [Dkt. No. 64]. Plaintiff's counsel agreed to FTI's engagement last week, but now has inexplicably changed their minds based on purported "conflicts" that were disclosed to Plaintiff's counsel before FTI's selection.  The production deadline of the At-Issue Communications is tomorrow, August 22, but compliance has effectively been rendered impossible by Plaintiff's counsel's conduct.

That Defendants' law firms had prior unrelated engagements with FTI (and every other vendor we had previously proposed) was disclosed to Plaintiff's counsel by email on August 15.  In that email (attached as <u>Exhibit A</u>), we advised that "all of the vendors on our list have been used by at least one of defendants' law firms.  That is why we proposed them: because we know them to be competent, and because they are recognized leaders in the field.  Our firms also have used at least some, and maybe all, of the vendors on your list in one capacity or another as well."  On August 16, *after* this disclosure was made, Plaintiff's counsel agreed to the use of FTI, subject only to FTI's own conflict check.  FTI subsequently advised that it has no conflicts and, in response to Plaintiff's counsel's demand, further explained the factors it considers in running conflict checks.  (*See* <u>Exhibit B</u>, Aug. 17 and Aug. 21 emails from Steven Shields).

With no actual impediment left to FTI's collection of Plaintiff's emails, however, Plaintiff's counsel now reasserts the same baseless position that previously required us to write to the Court [*see* Dkt. No. 66] – that any vendor that has been engaged by any of Defendants' law firms in the past on unrelated matters has an unresolvable "conflict."  Thus, after having already been advised that Defendants' law firms have engaged FTI in the past, and after having then agreed to FTI's retention, Plaintiff's counsel now refuses to proceed with the required email collection until FTI first discloses "any work, within the past five years, that FTI was retained or appointed to perform by any of the Defendants law firms, and the amount of any fees derived by FTI thereto [and further] if FTI has ever retained any of the Defendants law firms to represent them in any matter, within the past 5 years."  (*See* <u>Exhibit C</u>, Aug. 20 email from Zach Landau). In correspondence today (*see id.*, Aug. 21 emails), Plaintiff's counsel cited public records reflecting our law firms' prior engagements of FTI on unrelated matters as justification for this about-face, even though they were advised of this very fact *before* they agreed to FTI's retention in this matter last week.



Hon. Katherine Polk Failla
August 21, 2018
Page 2

For the reasons explained in our August 16 letter, there is no actual conflict.  Rather, it has become abundantly clear that Plaintiff's counsel has no intention of complying with the Order in good faith.  To resolve this matter, we respectfully request that the Court direct the use of FTI to conduct the tasks of collecting and producing Plaintiff's At-Issue Communications and the mirror-imaging of the parties' respective Devices (to the extent required by the Order).  Alternatively, Defendants request the Court's assistance in selecting another reputable and competent vendor, and one with an office in or around the Los Angeles area, where we believe all of the devices that will potentially be mirror-imaged are located.

We thank the Court for its assistance in this matter.

Respectfully submitted,

  /s/ Wook Hwang

LOEB & LOEB LLP
Wook Hwang
Sarah Schacter
345 Park Avenue
New York, New York 10154

*Attorneys for Brad Grey, Brad Grey Estate and
Brad Alan Grey Trust*

  /s/ Stephen Fishbein

SHEARMAN & STERLING LLP
Stephen Fishbein
Christopher LaVigne
599 Lexington Ave.
New York, NY 10022

*Counsel for Viacom Inc., Viacom International Inc.
and Paramount Pictures Corporation*

  /s/ Stanton L. Stein

RUSS AUGUST & KABAT
Stanton L. Stein (appearing *pro hac vice*)
Diana A. Sanders (appearing *pro hac vice*)
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025

*Attorneys for Defendants Brian Graden
and Brian Graden Media, LLC*

Enclosure

cc:      All Counsel of Record (via ECF)

Application GRANTED.  The Court is in receipt of Defendants' letter, dated August 21, 2018 (Dkt. #68), regarding the parties' ongoing dispute over the selection of a neutral e-discovery vendor pursuant to the Court's August 7, 2018 Order (Dkt. #64).  The Court has carefully reviewed that letter, along with Plaintiff's response thereto, dated August 21, 2018. (Dkt. #69).  Based on the parties' submissions, it is the Court's understanding that the parties had agreed -- perhaps only tentatively so -- to select FTI Consulting ("FTI") as the vendor, but that Plaintiff's counsel is now unwilling to move forward with FTI due to concerns over possible conflicts of interest.  (Dkt. #68, 69).

Having reviewed the parties' submissions, including each of the exhibits appended to Plaintiff's letter, the Court finds that there is no credible evidence of any actual or potential conflicts of interest.  Accordingly, the parties are directed to proceed with FTI as the e-discovery vendor and to work expeditiously to comply with the August 7 Order.

In light of the parties' delay in selecting the e-discovery vendor, the Court hereby EXTENDS the interim deadlines referenced in the August 7 Order -- i.e., those originally set for fourteen (14) days from the entry of the Order -- to **August 24, 2018**.  All other deadlines in the August 7 Order shall remain unchanged.

Dated:     August 22, 2018                SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE