AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Rovier Carrington | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 18-cv-04609 (KPF) |
| Brian Graden et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:                                      Microsoft Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Russ August & Kabat<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California 90025 | Date and Time:<br>10/07/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    *CLERK OF COURT*
                                                          OR
        _____            _____
          *Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Brian Graden and Brian Graden Media, LLC                            , who issues or requests this subpoena, are:

Stanton Stein; 12424 Wilshire Boulevard, 12th Floor Los Angeles, California 90025
(310) 826-7474; lstein@raklaw.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-04609 (KPF)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:18-cv-04609-KPF   Document 80-3   Filed 09/26/18   Page 3 of 9

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS AND RULES OF CONSTRUCTION**

1) The definitions and rules of construction set forth in Rules 34 and 45 of the Federal Rules of Civil Procedure, and Civil Rule 26.3 of the Local Rules for the United States District Court for the Sothern District of New York are hereby incorporated and shall apply to these Requests.

2) "Communication(s)" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3) "Rovier Carrington" shall mean the individual named as plaintiff in this Action, and who is also known by various aliases, including, but not limited to, Trend Rovheir, Trend Rovier, TieLonzo Rovheir, Rovier Jase Carrington, and Antwon Dwayne Smith.

4) "Plaintiff" shall mean plaintiff Rovier Carrington and any representatives, advisors, associates, or any other person acting on his behalf.

5) "Document(s)" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules and includes "electronically stored information" ("ESI") as also defined in Rule 34. Examples of documents include, without limitation, all writings in any form, call logs, calendars, correspondence, diaries, manuals, memoranda, notes (including handwritten notes), reports, records, drawings, graphs, charts, photographs, sound recordings, images, video recordings, telephone records, Bloombergs, electronic mail messages, instant messages, spreadsheets, databases, all other forms of electronic communication, and other data or data compilations, including subscriber information, of whatever nature stored in any medium (including those from which information can be obtained or translated if necessary into a reasonably useable form.) For the avoidance of doubt, "document(s)" includes all originals of any nature whatsoever and

1

all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise.

6) "Native format" with respect to any ESI shall mean the original electronic file format in which such ESI is stored or maintained, without alteration or conversion to another format, and with all original attributes and original metadata.

7) "Person(s)" shall mean and include natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

8) To bring within the scope of these Definitions and Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply:

    a. the masculine, feminine, or neuter pronoun shall not exclude other genders;

    b. the word "including" shall be read to mean including without limitation;

    c. the present tense shall be construed to include the past tense and vice versa;

    d. references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents;

    e. the use of the singular form of any word includes the plural and vice versa;

    f. "Concerning," "evidence," "refer," "relate to," "evidencing," "referring" or "relating to" any given subject means all documents which assess, concern, constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show, state, refer or relate, directly or indirectly, in any way, to the subject matter identified;

g. the terms "any," "all," and "each" shall be read to mean any, all, each and every; and

h. the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1) For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

2) Unless otherwise indicated, the time period encompassed by these Requests is from January 1, 2010 through the present.

3) These Requests extend to all responsive documents or things that are in your possession, custody, or control, wherever located, regardless of whether they are possessed directly or indirectly by you or your agents, representatives, employees, accountants, lawyers, or other persons acting or purporting to act on your behalf.

4) A Request for a document or thing includes a request for any and all file folders or binders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document or thing in addition to the document or thing itself.

5) Produce all documents in their entirety, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

6) All documents should be produced as they are kept in the ordinary course of business, or shall be organized and labeled to correspond to the specific request(s) to which they are responsive. Specifically, in producing the documents requested herein, you shall produce the documents in the original file folders and file cartons in which they have been maintained, or

3

attach a copy of the documents to copies of the file folders from which they came. The integrity and internal sequence of the requested documents within each folder shall not be disturbed or commingled with the contents of another folder. All documents should be stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found.

7) All electronically stored information produced in response to these Requests shall be produced in their original electronic form (i.e. native format) on electronic media. All such items, including e-mails, shall be produced in the form in which it is ordinarily maintained with original electronic folder structure, folder names, and associated metadata, and should include data sufficient to reasonably indicate the following: (i) which request(s) the item is responsive to; (ii) where items (including attachments) and folders begin and end; (iii) the original file name; and (iv) the original time stamps and attributes.

8) If you object to any Request, state with specificity the grounds for each such objection. If you object to a portion of a Request, provide all documents and things requested by any portion of the Request to which you do not object and specifically identify the respect in which the remainder of the Request is allegedly objectionable.

9) If any portion of any document or thing is responsive to any Request, the entire document or thing must be produced.

10) If there are no documents or things responsive to any particular Request or part thereof, you shall state so in writing.

11) If you withhold any document or thing, or any portion of any document or thing, under a claim of privilege, immunity, or protection, including the attorney-client privilege or work product doctrine, you shall provide a written privilege log that sets forth the information required by Federal Rule of Civil Procedure 26(b)(5). If you redact information from a document

produced in response to a Request, you shall identify the redaction by stamping the word "Redacted" on the document at each place where information has been redacted and separately log each redaction on a written privilege log.

12) If any document or thing responsive to these Requests has been but is no longer in your possession, custody, or control because it has been destroyed, discarded, or placed outside of your custody or control, you shall furnish a list specifying each such document or thing and setting forth the type of document or thing, the general subject matter of the document or thing, the date of the document, the existence and nature of any attachments or appendices, the name(s) and address(es) of each person who prepared, received, viewed, or has or has had possession, custody, or control of the document or thing, the date on which the document or thing was destroyed, discarded, or placed outside of your possession, custody, or control, the manner in which and reason for which the document or thing was destroyed, discarded, or placed outside of your possession, and the person(s) authorizing and carrying out such destruction or discard.

13) These Requests shall be deemed continuing in nature and therefore, in accordance with Federal Rule of Civil Procedure 26(e), require you to promptly supplement responses if you learn of additional information responsive to these Requests between the time of the initial response to these Requests and the time of final judgment in this Action.

14) Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

15) These Requests are propounded without prejudice to, or waiver of, Defendants' right to conduct further discovery at a later date relevant to any issue raised in the Complaint in this Action or in any other relevant pleading.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All non-content subscriber information related to the subscriber associated with the email account Rovier@thecarringtondiaries.com, including, without limitation:

1. Name(s);

2. Address(es) and other contact information;

3. Associated backup or account recovery contact information, including telephone number(s) and other email address(es);

4. IP addresses associated with all account logins, together with session dates, times and durations;

5. Local and long distance telephone connection records;

6. Length of service for each of the above-identified email accounts (including start date and, if any, deactivation date);

7. Other types of service utilized by the associated subscribers; and

8. Other subscriber number or identity, including any temporarily assigned network address.