UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROVIER CARRINGTON,<br><br>               Plaintiff,<br><br>-against-<br><br>BRIAN GRADEN, BRIAN GRADEN MEDIA, LLC, VIACOM INC., VIACOM INTERNATIONAL INC., PARAMOUNT PICTURES CORPORATION, BRAD GREY, BRAD GREY ESTATE, BRAD ALAN GREY TRUST,<br><br>               Defendants. | Case No. 18-cv-04609 (KPF) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CHANGE OF VENUE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS ......................................................................................................2

ARGUMENT...........................................................................................................................7

    I.     PLAINTIFF'S MOTION FOR CHANGE OF VENUE SHOULD BE
           DENIED.................................................................................................................7

           A.     Applicable Law ................................................................................................7

           B.     Plaintiff Has Failed to Show a Change in Circumstances that
                  Warrants a Change of Venue ...........................................................................7

           C.     The Interests of Justice Render a Change of Venue Inappropriate..............8

CONCLUSION......................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apache Prods. Co. v. Emp'rs Ins. of Wausau*, 154 F.R.D. 650 (S.D. Miss. 1994) ......... 9

*Ferens v. John Deere Co.*, 494 U.S. 516 (1990) ......... 11

*Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513 (2d Cir. 1989) ......... 7

*United States ex rel. Fisher v. Bank of Am., N.A.*, 204 F. Supp. 3d 618 (S.D.N.Y. 2016) ......... 7, 8

*Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370 (S.D.N.Y. 2006) ......... 8

*Green v. Dep't of Corr.*, No. 97 CIV. 6652, 1999 WL 710782 (S.D.N.Y. Sept. 13, 1999) ......... 11

*Haber v. ASN 50th St., LLC*, No. 10 CIV. 3536, 2011 WL 1226282 (S.D.N.Y. Mar. 30, 2011) ......... 9

*Mears v. Montgomery*, No. 02 CIV. 0407, 2004 WL 964093 (S.D.N.Y. May 5, 2004) ......... 9

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010) ......... 7

*Reynolds v. Xerox Educ. Servs., LLC*, No. 13 CV 1003, 2013 WL 5303797 (S.D.N.Y. Sept. 20, 2013) ......... 7

*Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.*, 202 F. Supp. 3d 399 (S.D.N.Y. 2016) ......... 9

*Scheinbart v. Certain-Teed Prods. Corp.*, 367 F. Supp. 707 (S.D.N.Y. 1973) ......... 11

*Wash. Nat'l Life Ins. Co. v. Morgan Stanley & Co.*, 974 F.Supp. 214 (S.D.N.Y. 1997) ......... 7

**Statutes & Rules**

28 U.S.C. § 1331 ......... 2

28 U.S.C. § 1404 ......... 7, 8

28 U.S.C. § 1441 ......... 2

Fed. R. Civ. P. 26(f) ......... 3

S.D.N.Y. Local Civ. R. 7.1 .......................................................................................................11

Case 1:18-cv-04609-KPF   Document 88   Filed 11/30/18   Page 4 of 17

Defendants, by and through their undersigned counsel, respectfully submit this Memorandum of Law in Opposition to Plaintiff Rovier Carrington's Motion for Change of Venue.

## PRELIMINARY STATEMENT

Plaintiff's motion to transfer this case, away from his *own* chosen forum, is nothing more than a transparent attempt to obstruct Defendants' ongoing efforts to prove that he has perpetrated a fraud on *this* Court, and to divest this Court of jurisdiction to enforce compliance with its own extant Orders that Plaintiff continues to willfully disregard. The motion should be denied.

Plaintiff's request comes at the eleventh hour, after the Court authorized Defendants to conduct additional discovery regarding a series of email communications that Plaintiff appended to his Amended Complaint and affirmed in sworn declarations to be true. Defendants have devoted extensive time and energy to establishing that these explosive and inflammatory email communications are fabrications in furtherance of Plaintiff's attempt to defraud this Court. These efforts have been stymied by Plaintiff's refusal to cooperate with the Court's discovery orders through gamesmanship, delay and explanations for missing evidence that—in the Court's own words—are "beginning to strain credulity." Sept. Conf. Tr. 67. This pattern and practice continues, as Plaintiff has still failed to comply with the Court's August 7 Order to provide his iPhone to the neutral e-discovery vendor for mirror-imaging and preservation.

Plaintiff's latest tactic is to attempt to make a hasty retreat from this Court so that he can have a "do over," with a new judge in a new District unfamiliar with the fabrication and authenticity issues that have been ongoing since the commencement of this action. The law provides no support to Plaintiff, as courts have repeatedly cautioned against such obvious forum shopping, especially by a plaintiff seeking to transfer away from his own chosen forum, and

1

especially in the midst of active discovery. In the interests of justice, this Court should continue its inquiry regarding authenticity and direct Plaintiff to cooperate forthwith.

## STATEMENT OF FACTS

Plaintiff Rovier Carrington, through his former counsel, filed the Complaint on May 1, 2018 in the Supreme Court of the State of New York, New York County. The Complaint contained allegations ranging from a series of alleged sexual assaults committed by defendants Brian Graden and Brad Grey, to an alleged pattern of blacklisting and misappropriation by defendants Viacom and Paramount. Defendants removed the action to the Southern District of New York on May 24, 2018, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) and it was assigned to Your Honor the following day. Dkt. No. 1.

Since removing the Complaint, Defendants and Plaintiff have engaged in considerable pre-trial litigation and invested considerable time and resources in what should have been expedited discovery surrounding a number of email communications that Plaintiff submitted to the Court as purported corroboration for his accusations. Specifically, Defendants filed pre-motion letters to dismiss on June 14, 2018, raising a number of grounds upon which the purported claims failed to state causes of action and/or were barred by the statute of limitations. Dkt. Nos. 28, 31, 34. In connection with these motions, Defendants also raised serious concerns regarding the authenticity of certain communications cited in the Complaint, including an October 24, 2017 email allegedly between Plaintiff and Darren Stein.

In response, Plaintiff amended his Complaint on June 18, 2018 to add four additional causes of action, and appended ten purported email communications to the Amended Complaint to support his allegations (the "At-Issue Communications"). Dkt. No. 35. Several of the At-Issue Communications purported to be between Plaintiff and Brian Graden, and the rest

purported to be between Plaintiff and third parties—Darren Stein, Reno Logan and Garret McKay.  Dkt. No 35, Exs. 2-11.

On June 22, 2018, after conferring with Plaintiff regarding discovery pursuant to Rule 26(f) and apprising Plaintiff of their authenticity concerns, Defendants issued two sets of discovery requests relating to the At-Issue Communications.   Plaintiff objected to these requests, claiming that Defendants lacked good cause to conduct early discovery and that the requests were overly broad.  Defendants also sent multiple preservation requests to Plaintiff on May 21, June 20, and June 21, 2018, and offered to have a neutral e-discovery vendor preserve the relevant emails at Defendants' expense.  Plaintiff never responded to these requests.

Defendants filed a second round of pre-motion letters on July 2, 2018 to dismiss the Amended Complaint and also cited heightened concerns regarding the authenticity of the email communications appended to the Amended Complaint.  Dkt. Nos. 48-50.  Based on strong evidence corroborating these concerns, Defendants requested expedited and phased discovery relating to authenticity in the parties' joint status letter to the Court on July 12, 2018.  Dkt. No. 56.  In support of this request, Defendants submitted:  (1) a declaration from Darren Stein stating that the email in Exhibit Eleven of the Amended Complaint (between Plaintiff and Stein) is fabricated, and attaching a copy of the actual communication, and (2) declarations from James Kelshaw (a digital forensics professional) explaining the evidence of manipulation and alteration to the emails in Exhibits Nine, Ten, and Eleven of the Amended Complaint, and attaching copies of the corresponding actual (and unaltered) emails that he believes Plaintiff could have modified. *See* Dkt. No. 56, Exs. B-C; Dkt. No. 57, Ex. F.  Plaintiff submitted an affidavit of his own, stating under penalty of perjury that he had not "doctored, fabricated, or altered, any of the emails annexed to [the] Amended Complaint."  Dkt. No. 56, Ex. E.

3

The parties appeared at a conference before Your Honor on July 17, 2018, and Defendants proffered additional information in support of their request, including correspondence between counsel for Brian Graden and Reno Logan, a third party who purportedly was party to five of the ten At-Issue Communications, in which Logan stated that the allegations in the Amended Complaint and the At-Issue Communications involving him were false and meritless. July Conf. Tr. 27-33. Per the Court's instructions at the July 17 conference, on July 23, 2018 Defendants submitted to the Court a sworn declaration from Reno Logan and a sworn supplemental declaration from Darren Stein.

On August 7, 2018, the Court issued a discovery order in which it found that "Defendants [had] presented sufficient evidence to warrant such immediate discovery." As part of the August 7 Order, Your Honor directed all parties to (1) preserve all At-Issue Communications in their possession; (2) produce all such At-Issue Communications to the other side "in original native format and with all accompanying metadata," through the use of a neutral e-discovery vendor; and (3) identify and provide to the neutral e-discovery vendor all devices that were used to transmit the At-Issue Communications for forensic mirror-imaging for the purpose of preservation. Dkt. No 64. Plaintiff subsequently engaged in weeks of stonewalling, raising claims of non-existent conflicts of interest on the part of the neutral e-discovery vendor, FTI Consulting ("FTI"), and delaying the disclosure of passwords associated with certain email accounts. This delay caused the Court to step in and issue an order on August 22, 2018 confirming that there was no conflict of interest with FTI and directing Plaintiff to comply with the terms of the August 7 Discovery Order forthwith. Dkt. No. 70.

After this direction, Defendants learned that one of Plaintiff's accounts— trendsetterrovheir@gmail.com (the "Trendsetter Account")—which was supposedly used by

4

Plaintiff in several At-Issue Communications to correspond with Reno Logan and others regarding the allegations involving Brad Grey, no longer exists and purportedly has been shut down for years.  Plaintiff belatedly provided access to his two active accounts to FTI which, after conducting a search of these accounts, was able to identify *only one* original, native email of the approximately 40 separate emails comprising various email chains appended to the Amended Complaint.  Notably, the lone email that FTI did find is the only one as to which there is no dispute regarding authenticity—an October 9, 2017 email from Carrington to Darren Stein, which was attached to the Affidavit from Darren Stein that Defendants submitted to the Court on July 12.  Dkt. 56, Ex. B.  The absence of *any* of the disputed At-Issue Communications (but existence of the one *un*disputed At-Issue Communication), and the affidavits of both Darren Stein and Reno Logan, supported Defendants' position that the purported email communications appended to the Amended Complaint and submitted to Your Honor were fabricated.  In response, Plaintiff submitted a supplemental declaration in which he reaffirmed, under penalty of perjury, that he "did not delete any emails or attempt to hide valuable information."  Dkt. No. 76-2.  In addition, Plaintiff's former counsel explained that his client's emails were supposedly hacked on both May 24, 2018 and August 16, 2018, which Plaintiff claimed was the reason why the At-Issue Communications could not be found in his accounts.  *See* Dkt. No. 76, Exs. 2-3.

On September 18, 2018, the parties appeared again before Your Honor to discuss the status of expedited discovery and a series of pending discovery items the Defendants raised in a pre-conference letter.  The latter included a request that the Court direct Plaintiff to execute consents to Google and Microsoft to disclose the content of Plaintiff's known three email accounts to FTI, so that FTI could search the three accounts for evidence of the At-Issue Communications.

5

At the conference, the Court ordered additional expedited discovery with the consent of Plaintiff's counsel, including: (1) the issuance of Court-ordered subpoenas to Google and Microsoft for subscriber-related information pertaining to Plaintiff's three known email accounts; (2) a directive to Plaintiff to provide authorization to Google and Microsoft to turn over all available and recoverable emails in Plaintiff's three known email accounts to FTI, which in turn was directed to locate any At-Issue Communications in those emails and produce them in native format to the parties; and (3) a directive to Plaintiff to comply with the obligations he failed to meet under the August 7 Discovery Order—namely that he provide his iPhone to FTI for mirror-imaging by September 30, 2018, a directive with which he has still not complied. *See* Sept. Conf. Tr. 51-52, 67.

Less than a week after this Court's September 18 Discovery Order, Plaintiff's attorneys moved to withdraw as Plaintiff's counsel, citing "a breakdown in communication" with Plaintiff. Dkt. No. 77. On October 5, 2018, the Court granted Plaintiff's counsel's motion after an *ex parte* conference and provided that Plaintiff identify new counsel or explain that he wishes to proceed *pro se* by October 12, 2018. Dkt. No. 82. On October 16, 2018, Plaintiff explained that he wished to proceed *pro se* in his motion to change venue while he attempted "to hire an attorney in Los Angeles" and the Court granted his request. Dkt. No 83. On November 15, 2018, Plaintiff filed a Motion for Change of Venue. Dkt. No 85. The motion was accompanied by no factual showing. Rather, it stated in full:

> COMES NOW Rovier Carrington, to move this court that venue for the above-entitled case be transferred to the Supreme Court of California, County of Los Angeles pursuant to Code of Civil Procedure section 395, due to the fact that I, Rovier Carrington and the Defendants reside in the County of Los Angeles.

6

**ARGUMENT**

I. **PLAINTIFF'S MOTION FOR CHANGE OF VENUE SHOULD BE DENIED**

    A. **Applicable Law**

Construing the motion in Plaintiff's favor, he apparently is seeking to transfer venue pursuant to 28 U.S.C. § 1404. Under this statute, a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). It is well settled that the moving party carries the burden of making out a strong case for transfer and must do so by clear and convincing evidence. *See Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989); *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010). Such a showing requires "detailed factual statements in support." *Reynolds v. Xerox Educ. Servs., LLC*, No. 13 CV 1003, 2013 WL 5303797, at *1 (S.D.N.Y. Sept. 20, 2013) (internal quotation marks omitted). Moreover, "plaintiffs face a heavier burden than defendants" in moving for transfer. *Wash. Nat'l Life Ins. Co. v. Morgan Stanley & Co.*, 974 F.Supp. 214, 224 (S.D.N.Y. 1997). Because "a plaintiff has already had the opportunity to choose the forum when filing the action," courts in this District require "plaintiffs to demonstrate a change in circumstances that has taken place *since the filing of the suit* in order to prevail." *United States ex rel. Fisher v. Bank of Am., N.A.*, 204 F. Supp. 3d 618, 623 (S.D.N.Y. 2016) (internal quotation marks omitted) (emphasis added).

    B. **Plaintiff Has Failed to Show a Change in Circumstances that Warrants a Change of Venue**

Here, Plaintiff has failed to make any detailed factual statements showing any change in circumstances that warrants a transfer of venue. As noted above, the only purported factual basis Plaintiff raised in his motion is that he "and defendants" reside in Los Angeles. Dkt. No. 85.

7

Though factually wrong (Viacom, for example, has its principal place of business in New York), the "residence" of the parties has remained unchanged since Plaintiff filed this case in New York.  The absence of any showing of changed circumstances warrants denial of Plaintiff's motion.  *See Fisher* 204 F. Supp. 3d at 623.  And though not raised by Plaintiff, the only real change in circumstances since this case was filed and litigated has been Plaintiff's stated desire to obtain California-based counsel, which plainly is insufficient to warrant transfer of venue.  *See Fisher* 204 F. Supp. 3d at 627 ("[C]onvenience of counsel is not 'an appropriate factor' that courts may consider in assessing a motion to transfer.").

### C.  The Interests of Justice Render a Change of Venue Inappropriate

Moreover, the interests of justice render transfer inappropriate.  A critical factor in deciding a motion to transfer venue pursuant to § 1404 is "the interest of justice."[1]  *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (internal quotation marks omitted).  As discussed at length above, the parties have engaged in extensive expedited and phased discovery regarding the very serious authenticity concerns that Defendants brought to the Court's attention over the past five months.  This discovery and litigation has included eleven declarations (submitted both by Defendants and Plaintiff), the appointment of a neutral e-discovery vendor to review Plaintiff's two available email accounts (at an expense borne by the Defendants), and multiple court conferences addressing this issue.  To date, the evidence gathered has generated serious questions as to the authenticity of the At-Issue Communications,

---

[1] Courts may consider a number of factors in resolving transfer applications, including:  (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with governing law, (8) the weight accorded to plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006).

which caused the Court to grant Defendants' original request for expedited discovery. Dkt. No. 64. Only on the heels of the Court's additional discovery orders at the September 18 status conference (Sept. Conf. Tr. 51-52, 67) did prior counsel seek to withdraw. That withdrawal has effectively placed this case in abeyance for the last two months, during which relevant emails in the possession of Google and Microsoft may have been lost pursuant to those companies' retention policies.

To transfer venue now would be a waste of judicial resources and of the expenses incurred by the Defendants in discovery. A new court in a new forum would need to review and understand all of the past proceedings before it could even begin to move the case forward, which would entail unnecessary duplication of effort and delay. Courts routinely recognize these factors as weighing against any such motions for transfer. *See Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.*, 202 F. Supp. 3d 399, 411 (S.D.N.Y. 2016) (finding that transfer would be inefficient when "the parties are only two months away from the close of discovery."); *Haber v. ASN 50th St., LLC*, No. 10 CIV. 3536, 2011 WL 1226282, at *2 (S.D.N.Y. Mar. 30, 2011) ("Given this Court's familiarity with the action," as well as the fact that "[d]iscovery is nearly complete ... judicial economy weighs strongly in favor of a final adjudication by this Court."); *Mears v. Montgomery*, No. 02 CIV. 0407, 2004 WL 964093, at *10 (S.D.N.Y. May 5, 2004) (finding that consideration of trial efficiency weighed against transfer because "[t]o transfer this case now, when it is on the brink of proceeding to trial, would further delay the resolution of plaintiff's claims while wasting the considerable judicial resources thus far expended."); *see also Apache Prods. Co. v. Emp'rs Ins. of Wausau*, 154 F.R.D. 650, 657 (S.D. Miss. 1994) ("[A] party's delay in seeking transfer may appropriately be considered in evaluating the motion since a delay in requesting transfer may impact other pertinent

considerations, such as whether a transfer after substantial progression of the case in one forum would delay the ultimate resolution of the action or greatly diminish the value of judicial resources that have been expended in the matter.").

Furthermore, Defendants are on the cusp of getting to the truth of very serious allegations of fabrication and perjury, which threaten the integrity of this case and the legal process. As the Court noted during the September 18 status conference, Plaintiff's explanations for noncompliance with the Court's discovery orders are "beginning to strain credulity." Sept. Conf. Tr. 67. Now that his discovery obligations have been placed front and center, Plaintiff is again seeking to dodge compliance with the Court's discovery orders by moving the case to California, no doubt aware of the damning evidence his compliance with the orders will likely uncover. A transfer to California would also be prejudicial to Defendants, necessarily entailing extensive delays in educating a new judge concerning these discovery issues, and in completing the discovery already ordered by this Court. During that time, evidence may be destroyed (if it has not already been) from Plaintiff's iPhone or from deleted-email repositories maintained by Google and Microsoft. Indeed, Plaintiff has still not produced his iPhone for mirror-imaging and preservation, which he was ordered to do some four months ago under the Court's August 7 Discovery Order and again during the September 18 status conference. Dkt. No. 64; Sept. Conf. Tr. 51-52.

Plaintiff should not be allowed—at the eleventh hour—to escape his ongoing and pending discovery obligations by transferring his case to a Court and a judge that are less informed on the facts and issues. This is a transparent attempt to avoid the Court's jurisdiction and oversight regarding issues that have been at the forefront since the inception of this case. Courts routinely caution against transfer on such grounds, as such action undermines faith in the

entire judicial process and amounts to no more than simple gamesmanship. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) ("1404(a) should not create or multiply opportunities for forum shopping."); *Scheinbart v. Certain-Teed Prods. Corp.*, 367 F. Supp. 707, 711 (S.D.N.Y. 1973) (stating that federal courts "have little sympathy for forum shopping.") (collecting cases); *id*. ("Plaintiff's obvious forum shopping merely adds weight to the other considerations" weighing against transfer.).

Given the extensive time and resources the parties and Your Honor have already devoted to this case, and the serious issues that expedited discovery has uncovered to date, the action should remain in this District. In addition, many of the claims asserted in the Amended Complaint are New York-based, including Count One (Sexual Assault under CPLR § 213-C) and Counts Nine through Eleven (Employment-based claims under the New York State Human Rights Law, New York City Human Rights Law and New York City Gender Motivated Protection Act), and Viacom is based in New York. Though Plaintiff does reside in California, he chose to pursue this case in New York, and this selection of venue by Plaintiff has not impaired his or his counsel's ability to pursue the case. Indeed, Plaintiff's prior counsel was able to obtain affidavits from out-of-state witnesses on Plaintiff's behalf in spite of any purported geographic inconvenience. Still further, both sides agreed to the appointment of a neutral e-discovery vendor in California to accommodate Plaintiff's residence. In short, there has been no issue at all with the location of the Plaintiff prior to this motion's being filed, and none has been articulated in the papers.[2]

---

[2] Defendants also note that Plaintiff's motion is procedurally deficient as it fails to include a memorandum of law or any other support setting forth the cases and factual bases relied upon in support of the motion. *See* S.D.N.Y. Local Civ. R. 7.1. The absence of such information is an independent basis for its rejection. *See, e.g.*, *Green v. Dep't of Corr.*, No. 97 CIV. 6652, 1999 WL 710782, at *2 (S.D.N.Y. Sept. 13, 1999) ("The requirement for a memorandum of law is no

11

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Change of Venue should be denied.

---

mere formality. Setting forth points and authorities alerts both the opposing party and the court to the issues a party is raising and the arguments it is making as well as the extent of authority supporting its arguments.").

Dated: New York, New York  
       November 30, 2018

Respectfully submitted,

SHEARMAN & STERLING LLP

By:   s/ Christopher LaVigne  
Stephen Fishbein  
Christopher LaVigne  
599 Lexington Avenue  
New York, New York 10022  
Telephone: 212-848-4424/4432  
Facsimile: 646-848-4424/4432  
sfishbein@shearman.com  
christopher.lavigne@shearman.com

*Attorneys for Defendants*  
*Viacom Inc., Viacom International Inc., and Paramount Pictures Corporation*

RUSS AUGUST & KABAT

By:   s/ Stanton L. Stein  
Stanton L. Stein  
Diana A. Sanders  
12424 Wilshire Boulevard, 12th Floor  
Los Angeles, California 90025  
Telephone: (310) 826-7474  
lstein@raklaw.com  
dsanders@raklaw.com

*Attorneys for Defendants Brian Graden and Brian Graden Media, LLC*

LOEB & LOEB LLP

By:   s/ Wook Hwang  
Wook Hwang  
Sarah Schacter  
345 Park Avenue  
New York, New York 10154-1895  
Telephone: (212) 407-4000  
whwang@loeb.com  
sschacter@loeb.com  
*Attorneys for Defendants Brad Grey, Brad Grey Estate, and Brad Alan Grey Trust*

13