# SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

**D:** 212.848.4424
**D:** 212.848.4432

sfishbein@shearman.com
christopher.lavigne@shearman.com

November 25, 2019

**BY ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
40 Foley Square
New York, New York 10007



Re: *Rovier Carrington v. Brian Graden et al., No. 18-cv-04609 (KPF)*

Dear Judge Failla:

The undersigned counsel submit this letter on behalf of all Defendants in this action. We respectfully submit this letter pursuant to Rule 9.B. of Your Honor's Individual Rules of Practice in Civil Cases. Specifically, and as described below, we request permission to redact and file under seal the invoices of Defendants' respective counsel, which will be attached to Defendants' respective forthcoming motions for attorneys' fees and costs.

We intend to demonstrate the reasonableness of our respective fee applications by submitting copies of attorney time-entries for which we are seeking reimbursement, in accordance with the Court's Order of October 11. These entries appear on monthly invoices covering all attorney time entries for a particular month. As will be explained in our forthcoming motions, we are not seeking reimbursement for all such time entries. Accordingly, we respectfully request permission to redact from our submission any time entries for which we are not seeking reimbursement. With respect to entries for which Defendants are seeking reimbursement, we further intend to redact any information that may be protected from disclosure under the attorney-client privilege or attorney work-product doctrine, and request permission from the Court to proceed in this manner.

In addition, Defendants request approval to file the redacted invoices in their respective submissions under seal because the invoices contain certain sensitive and confidential information relating to Defendants' attorneys' work on this case. While there is a general presumption of public access to judicial records, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). As cited below, courts often permit counsel to submit invoices in support of fee applications under seal.

To be clear, Defendants will include in their publicly filed submissions the key, non-privileged information that we believe is most relevant to the Court's inquiry into the reasonableness of the fee application—*i.e.* counsel's respective hourly rates and the aggregate fees traceable to legal services associated with Plaintiff's fabrication and spoliation of evidence. However, Defendants request permission to submit their respective invoices under seal in the above manner, given their sensitive and confidential nature. This relief is routinely granted in

this district.  *See*, *e.g.*, *Cassese v. Williams*, 503 F. App'x 55, 58 (2d Cir. 2012) (affirming district court's decision not to disclose attorney time records that were filed under seal); *de la Fuente v. DCI Telecommunications, Inc.*, 269 F. Supp. 2d 229, 231 n.3 (S.D.N.Y.) (acknowledging that attorneys' fee submission were filed under seal); *Gemini Ins. Co. v. Titan Constr. Servs., LLC*, No. 17-CV-8963, 2019 WL 5887301, at *2 n.2 (S.D.N.Y. Nov. 12, 2019) (same).  Moreover, we submit that a sealing order is all the more necessary given Plaintiff's conduct in this litigation, in which he has routinely made false and unfounded public accusations associated with this case, including about one member of the defense team.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that courts have the power to insure that their records are not "used to gratify private spite or promote public scandal").  We intend to provide Plaintiff with copies of whatever redacted records we submit to the Court under seal, provided that Plaintiff abides by the Court's sealing order.

We thank the Court for its attention to this matter.

Dated: New York, New York
November 25, 2019

Respectfully submitted,

SHEARMAN & STERLING LLP

By: s/ Christopher LaVigne
Stephen Fishbein
Christopher LaVigne
599 Lexington Avenue
New York, New York 10022
Telephone:  212-848-4424/4432
Facsimile:   646-848-4424/4432
sfishbein@shearman.com
christopher.lavigne@shearman.com

*Attorneys for Defendants
Viacom Inc., Viacom International Inc., and Paramount Pictures Corporation*

RUSS AUGUST & KABAT

By: s/  Stanton L. Stein
Stanton L. Stein
Diana A. Sanders
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
lstein@raklaw.com
dsanders@raklaw.com

*Attorneys for Defendants Brian Graden and Brian Graden Media, LLC*

LOEB & LOEB LLP

By: s/ Wook Hwang
Wook Hwang
Sarah Schacter
345 Park Avenue
New York, New York 10154-1895
Telephone: (212) 407-4000
whwang@loeb.com
sschacter@loeb.com

*Attorneys for Defendants Brad Grey, Brad Grey Estate, and Brad Alan Grey Trust*

Application GRANTED.

SO ORDERED.

Dated: November 25, 2019
New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE