# SHEARMAN & STERLING LLP

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

**D:** 212.848.4424                                                                                            sfishbein@shearman.com
**D:** 212.848.4432                                                        christopher.lavigne@shearman.com

September 4, 2020

**BY ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
40 Foley Square
New York, New York 10007



             Re: <u>*Rovier Carrington v. Brian Graden, et al.*, No. 18-cv-04609 (KPF)</u>

Dear Judge Failla:

       We write, pursuant to Rule 9(C) of Your Honor's Individual Rules of Practice in Civil Cases, on behalf of all Defendants in the above-captioned matter to seek leave to file under seal Exhibit 3 to Defendants' pre-motion letter filed on September 4, 2020 (the "Letter").

       As set forth in the Letter, Defendants request an expedited pre-motion conference in advance of seeking an injunction against Mr. Carrington to prevent him from filing additional claims related to the subject matter of this case without leave of this Court. Defendants attached Exhibit 3 to the Letter, an August 27, 2020 "settlement demand" from Mr. Carrington, because it demonstrates Mr. Carrington's latest threat to file suit, his extortive demands, and the need for an injunction to avoid potentially imminent litigation. Exhibit 3 also includes a litany of inflammatory allegations against Defendants and their counsel that are directly related to those that have already been litigated and resolved pursuant to the Court's October 11, 2019 Order, which imposed terminating sanctions upon Plaintiff, dismissed the action with prejudice against all Defendants, and granted Defendants leave to submit applications for attorneys' fees and costs against Plaintiff. Dkt. No. 147. Exhibit 3 also asserts equally incendiary allegations concerning non-parties to this action and identifies them by name (including public figures who are not parties to this litigation).

       Accordingly, Defendants request to file Exhibit 3 under seal. While a presumption of public access attaches to all judicial documents, whether this presumption prevails over a party's request to seal requires a three part analysis: (i) whether the document is in fact a judicial document, (ii) the strength of the presumption that attaches to the document in question, and (iii) whether competing considerations outweigh the presumption that attaches to the document. *Olson v. Major League Baseball*, No. 20-CV-632 (JSR), 2020 WL 3127313, at *2 (S.D.N.Y. June 12, 2020). Here, this analysis weighs in favor of sealing Exhibit 3.

       *First*, as a private settlement communication between parties, Exhibit 3 does not constitute a "judicial document" because it is not "relevant to the performance of the judicial function [or] useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012) ("[I]n many—if not most—cases, a settlement agreement would not qualify as a 'judicial document'….").

*Second*, even if Exhibit 3 were to be deemed a "judicial document," the confidentiality and privacy considerations attendant with the letter outweigh the presumption of public access. For example, courts generally consider settlement communications such as Exhibit 3 to be non-public and sensitive.  *See Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) (granting sealing of settlement agreement and noting that "the Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases"); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2012 WL 13029602, at *10 (D. Conn. May 10, 2012) (finding that confidential settlement negotiations were a "compelling reason[]" to seal documents).  In addition, Exhibit 3 includes allegations of wrongdoing that have not been filed publicly, including ones relating to non-parties to this litigation.  These privacy interests "of innocent third parties ... should weigh heavily in a court's balancing equation" in determining whether to allow a document to be filed under seal.  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (internal quotation marks and alterations omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978) (holding that access to judicial documents should not be permitted "to gratify private spite or promote public scandal with no corresponding assurance of public benefit").

We thank the Court for its attention to this matter.

Respectfully submitted,

SHEARMAN & STERLING LLP

*s/ Christopher LaVigne*
Stephen Fishbein
Christopher LaVigne
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000
sfishbein@shearman.com
christopher.lavigne@shearman.com

*Attorneys for Defendants ViacomCBS Inc.,*
*Viacom International Inc., and*
*Paramount Pictures Corporation*

RUSS AUGUST & KABAT

*s/  Stanton L. Stein*
Stanton L. Stein
Diana A. Sanders
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
lstein@raklaw.com
dsanders@raklaw.com

*Attorneys for Defendants Brian Graden*
*and Brian Graden Media, LLC*

LOEB & LOEB LLP

*s/ Wook Hwang*
Wook Hwang
Sarah Schacter
345 Park Avenue
New York, New York 10154-1895
Telephone:  (212) 407-4000
whwang@loeb.com
sschacter@loeb.com

*Attorneys for Defendants Brad Grey,
Brad Grey Estate, and Brad Alan Grey Trust*

Cc via email:   Plaintiff (RovierCarrington@gmail.com); Counsel G. Scott Sobel (GscottSobel@gmail.com)

Application GRANTED.  The Clerk of Court is permitted to file under seal Exhibit 3 to its letter at docket entry 174, viewable to the Court and parties only.

Dated:     September 8, 2020          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE