UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROVIER CARRINGTON,<br><br>      Plaintiff,<br><br>      -v.-<br><br>BRIAN GRADEN; BRIAN GRADEN MEDIA, LLC; VIACOM, INC.; VIACOM INTERNATIONAL INC.; PARAMOUNT PICTURES CORPORATION; BRAD GREY; BRAD GREY ESTATE; and BRAD ALAN GREY TRUST,<br><br>      Defendants. | 18 Civ. 4609 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

  In an Order issued on December 23, 2020 (Dkt. #206), this Court found Plaintiff Rovier Carrington, as well as his current counsel, G. Scott Sobel, Esq., to be in civil contempt of the Court's September 11, 2020 Opinion and Order (Dkt. #180). Among other things, the September 11, 2020 Order had enjoined Plaintiff from filing any future suits in federal or state court arising from or relating to the subject matter in the instant action without the prior authorization of this Court. (Dkt. #180 at 13-14). To cure their contempt, the Court ordered Plaintiff and Mr. Sobel to withdraw the complaint they had filed in the United States District Court for the Central District of California (the "CDCA Complaint") as to Defendants on or before January 13, 2021. (Dkt. #206 at 18). Moreover, the Court ordered that should Plaintiff and Mr. Sobel fail to withdraw the CDCA Complaint, they show cause, by videoconference, on January 15, 2021, why they should not be held in civil contempt for violation of the Court's September 11, 2020 Order. (*Id.*).

The Court twice adjourned the order to show cause hearing, based upon Mr. Sobel's representations that he was unable to represent his client due to medical issues. (Dkt. #210, 212). During this period, Plaintiff and Mr. Sobel failed to withdraw their CDCA Complaint, and the Court understands that they have remained in noncompliance with its prior orders. Accordingly, at a hearing held on February 4, 2021, at which Mr. Sobel appeared by videoconference and Plaintiff appeared by telephone, the Court reiterated its prior finding that both Plaintiff and Mr. Sobel were in civil contempt of its Orders of September 11, 2020, and likewise found them in civil contempt of its Order of December 23, 2020. (Minute Entry for February 4, 2021).

Having found civil contempt, the Court next considers the issue of sanctions. A court enjoys broad discretion in determining the appropriate sanction for civil contempt. "Civil sanctions have two purposes: to coerce compliance with a court order and to compensate" a party harmed by the non-compliance. *CBS Broad, Inc.* v. *FilmOn.con, Inc.*, 814 F.3d 91, 101 (2d Cir. 2016); *see also Paramedics Electromedicina Comercial, Ltda* v. *GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004); *EEOC* v. *Local 29, Sheet Metal Workers*, 247 F.3d 333, 336 (2d Cir. 2001); *Nat'l Org of Women* v. *Terry*, 159 F.3d 86, 93 (2d Cir. 1998). Where the purpose of a civil sanction is to make a party comply, the court must exercise its discretion in determining the proper sanction, considering the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States* v.

2

*United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). In this regard, the court may resort to incarceration as a coercive sanction for civil contempt, such that "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act." *Int'l Union Mine Worker of Am.* v. *Bagwell*, 512 U.S. 821, 828-29 (1994); *see also Close-Up Int'l, Inc.* v. *Berov*, 474 F. App'x 790, 795 (2d Cir. 2012) (summary order) ("It is a widely-held and long standing principle that detention as a means of coercing compliance with the court's order was an option well within the district court's inherent authority.").

At the February 4, 2021 hearing, the Court heard the parties' positions on appropriate sanctions. Upon Mr. Sobel's representation that incarceration would pose particular risks to Plaintiff due to his medical conditions, the Court requested, and thereafter received, an *ex parte* submission from Mr. Sobel regarding his client's medical history. The Court has carefully considered the parties' arguments and submissions, and has concluded that, as to Plaintiff, the only sanction with a chance of coercing his compliance with the Court's orders is that of incarceration. In reaching this conclusion, the Court observes that its prior award of substantial attorneys' fees to Defendants (Dkt #184), which award the Court understands remains unpaid, has failed to deter Plaintiff and Mr. Sobel from proceeding with the conduct that resulted in their being found in contempt of Court. And as noted in a prior order, Plaintiff's conduct has progressed from "fabricating evidence against Defendants to fabricating allegations of bribery against Defendants and this Court." (Dkt. #206 at 6). Indeed, while this contempt motion was pending, Plaintiff and his

3

counsel filed a petition for mandamus and an application for a stay with the United States Court of Appeals for the Second Circuit, which submissions only doubled down on the calumny.  (*See, e.g.*, CA2 Dkt. #1-2 at 8 ("What has happened so far in the underlying cases is nothing short of a 21st century lynching.  Rather than rope and a tree in the yard, the lynching of Rovier Carrington was accomplished with fraud and corruption in the courtroom."); *id.* at 11-12 (suggesting that Court improperly colluded with the defense in the underlying matter); *id.* at 28 ("Insofar as Carrington is black, and all of the Defendants are rich, white and powerful, it is therefore a reasonable inference that Judge Failla denied Carrington his rights based on his race."); CA2 Dkt. #6 at 14 ("Thus, this Court should find that it is Judge Failla — not Rovier Carrington — who is attempting to defraud the judicial process....")).  Finally, the Court has reviewed Plaintiff's medical records; while taking note of the particular condition identified by Plaintiff's counsel during the February 4, 2021 hearing, and while considering literature about the potential interplay between that condition and the COVID-19 virus (including, but not limited to, literature identified by Plaintiff's counsel), the Court continues to believe that incarceration is the most appropriate coercive sanction for Plaintiff.

Accordingly, it is hereby ORDERED that Plaintiff Rovier Carrington, having been found of civil contempt on February 4, 2021, by this Court, is sanctioned to arrest and confinement until he complies fully with the Court's September 11, 2020 and December 23, 2020 Orders.  Plaintiff shall surrender

his person to the custody of the U.S. Marshals at the below address on or before February 22, 2021:

> U.S. Marshals Service for the Central District of California
> Roybal Federal Building
> 255 East Temple Street
> Los Angeles, California, 90012

On the date of Plaintiff's surrender, he is to arrive at the above address before 12:00 p.m., and is to inform the security checkpoint officials of his self-surrender. If Plaintiff does not self-surrender on or before February 22, 2021, the U.S. Marshals shall use reasonable force necessary to apprehend Plaintiff, including forcible entry of any residence or domicile believed to be associated with Plaintiff.

Plaintiff's counsel, Mr. Sobel, is also in contempt of the Court's orders. However, given the comparative recency of his involvement in this case, and the nature of that involvement, the Court does not believe that incarceration is an appropriate sanction for him. Instead, the Court ORDERS that effective February 22, 2021, Mr. Sobel is to be sanctioned $500 per business day (payable on the Monday of the following week, or Tuesday if the office of the Clerk of Court is not open on Monday) until he has complied with the Court's September 11, 2020 and December 23, 2020 orders. This sanction shall be revisited three months from the date of this Order, by which date Defendants shall provide a status update stating whether Plaintiff and his counsel remain unresponsive and whether further or increased sanctions are appropriate.

Counsel for Defendants have also requested an opportunity to seek attorneys' fees and costs incurred as a result of the contemptuous conduct of

Plaintiff and his counsel. "Attorneys' fees may be awarded with respect to civil contempt regardless of whether the other relief granted is coercive, compensatory or both." *Chevron Corp.* v. *Donziger*, 384 F. Supp. 3d 465, 506 (S.D.N.Y. 2019) (collecting cases). Defense counsel may file their submission in support of attorneys' fees and costs on or before March 26, 2021; Plaintiff may file his submission in opposition on or before April 26, 2021.

The Court will transmit a copy of this Order by email to the U.S. Marshals Service for the Central District of California.

SO ORDERED.

Dated: February 8, 2021
       New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge